UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Centre Way Company Limited,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Ningbo Wolfthon Technology Co., Ltd,**<br>**wuhanjizhimeijiakejiyouxiangongsi and**<br>**qiqihaerjiuweijianzhuzhuangshigongchengyouxiangong**<br>**Defendants.** | Civil Action No: 22-cv-06012 |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT NINGBO WOLFTHON TECHNOLOGY CO., LTD

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Consent Judgment and Permanent Injunction ("Motion"). The Court has carefully reviewed the Motion, the record in this case and is otherwise fully advised in the matter.

Plaintiff, Centre Way Company Limited and Defendant Ningbo Wolfthon Technology Co., Ltd ("Defendant"), stipulate and consent to the following:

WHEREAS, Defendant infringed one or more claims of Plaintiff's U.S. Design Patent No. 7,477,229 ("the '229 Patent"), by using, making, selling, offering to sell, and/or importing into the United States, products identified in Complaint [Dkt. No. 1]; and

WHEREAS, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

WHEREAS, based upon Plaintiff's good faith prior disclosure and use of the '229 Patent, Plaintiff has superior and exclusive rights in and to the '229 Patent in the United States.

According, it is hereby

**IT IS STIPULATED, ORDERED, ADJUDGED** as follows:

1

1. Plaintiff's Motion for Entry of Consent Final Judgment and Permanent Injunction is GRANTED. Final Judgment is entered in favor of Plaintiff and against Defendant Ningbo Wolfthon Technology Co., Ltd, as follows:

2. Defendant and its parent, subsidiaries, affiliates, shareholders, officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

   a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell infringing goods practicing the '229 Patent;

   b. practicing the '229 Patent in connection with the sale of any unauthorized goods;

   c. falsely representing Defendant as being connected with Plaintiff, through sponsorship or association;

   d. using any reproduction, counterfeit, copy, or colorable imitation of the design of the '229 Patent in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

   e. from unfairly competing with Plaintiff;

   f. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale advertising, promoting, renting or displaying of all unauthorized products which infringe the '229 Patent; and

   g. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f).

3. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages,

injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

4. This Consent Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5. Each party shall bear its own attorneys' fees and costs.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Judgment.

**IT IS SO ORDERED.**

Date:  September 23, 2022
       New York, New York

_____
**Lewis J. Liman**
**United States District Judge**